# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**JASON RAY SMOTHERS**                                                                                        **PLAINTIFF**
**ADC #150876**

v.                              No: 2:25-cv-00007-BSM-PSH

**MICHAEL RICHARDSON,** *et al.*                                                **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Jason Ray Smothers, an inmate at the Arkansas Division of Correction's East Arkansas Regional Unit, filed a *pro se* complaint on January 13, 2025 (Doc. No. 1). His application to proceed *in forma pauperis* has been granted (Doc. No. 5). At the Court's direction, he filed an amended complaint (Doc. No.

14).  The Court has reviewed Smothers' amended complaint and finds that his claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints.  28 U.S.C. § 1915A, 1915(e)(2).  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915A, 1915(e)(2).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.

42 U.S.C. § 1983. Smothers alleges he filed a PREA[1] complaint on October 30, 2024, after he was attacked by another inmate. Doc. No. 14 at 6. He alleges he received two disciplinaries afterwards and was found guilty due to an improper disciplinary process. *Id.* at 6-7. Smothers also complains that he has been prevented from filing a police report concerning the attack and indicates that his PREA complaint was mishandled. *Id.* at 7. He further alleges that commissary refused to bring him stamped envelopes, that Captain Davis and other security officials have opened and copied his legal mail, and that United States Magistrate Judge Christy D. Comstock mishandled his complaints about his mail and denied other requests. *Id.* at 7-9. Smothers' various claims do not appear to be sufficiently related to be joined in one lawsuit against multiple defendants.[2] However, the Court examines each of them below and concludes that Smothers' claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

***False Disciplinary/Due Process Claims.*** Smothers alleges that defendant Major Rodney Brown made false accusations against him, resulting in a disciplinary charge, after he made the PREA complaint on October 30, 2024. Doc. No. 14 at 6.

---

[1] PREA refers to the Prison Rape Elimination Act of 2003.

[2] Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, a plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants.

He further alleges that defendant Rolanda Scruggs found him guilty of that charge without reviewing camera footage or calling the witness he requested. *Id.* Smothers says he received 30 days "in the hole" as a result of that conviction. *Id.* at 7. He claims that Brown then issued him another false disciplinary, and defendant Janice Blake found him guilty without reviewing evidence or camera footage. *Id.*

Smothers' allegation that Brown issued disciplinaries against him based on false accusations is not sufficient to state a § 1983 claim as a matter of law. *See Dixon v. Brown*, 38 F.3d 370 (8th Cir. 1994) (recognizing that "the filing of a false disciplinary charge is not itself actionable under § 1983"); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (same).[3] Further, Smothers cannot maintain a due process claim based on the disciplinary process unless he can "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). Smothers was not deprived of life or property; accordingly, he must identify the deprivation of a liberty interest sufficient to sustain a due process challenge to his prison disciplinary proceeding. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A prisoner has no liberty interest in having

---

[3] *See also Daniels v. Ferguson*, 2008 WL 698485, *9 (W.D. Ark. March 13, 2008) ("To the extent Daniels contends his Due Process rights were violated because the disciplinary charges were fabricated or the events simply never occurred, courts have held that a prisoner enjoys no constitutional guarantee to be free from false charges that may lead to punishment.") (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986) and *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983)).

certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). Generally, an inmate has no liberty interest in avoiding segregated confinement, as long as the conditions do not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002).

Smothers states that he received 30 days "in the hole" as a result of his first disciplinary conviction; he does not describe the punishment he received for the second conviction. Doc. No. 14 at 7. He does not otherwise describe the conditions he endured as a result of his disciplinary convictions, and he fails to assert how any conditions to which he was exposed constituted an atypical and significant hardship. For these reasons, Smothers fails to describe viable due process claims related to his disciplinary convictions.

***PREA Complaint/Reporting.*** Smothers complains that he has not been allowed to file a police report concerning a sexual assault by another inmate. Doc. No. 14 at 7-8. He does state that he filed a PREA complaint at the EARU on October 30, 2024. *Id.* at 6. It is not clear why he believes this amounts to a constitutional violation. Smothers has no constitutional right concerning the handling of his PREA complaint. *See e.g., Featherston v. Horan,* No. 4:22-CV-00154-BSM-JTR, 2022 WL 2196743, at *4 (E.D. Ark. May 27, 2022), *report and recommendation adopted,* No. 4:22-CV-00154-BSM-JTR, 2022 WL 2193088 (E.D. Ark. June 17, 2022) (and cases cited there). And he has no judicially cognizable interest in the prosecution or non-prosecution of another individual. *See, e.g.*, *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *see generally Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009) and cases cited therein. Smothers does not allege that he continues to be in danger from this particular inmate, or that any defendant failed to protect him from an attack by this inmate. For these reasons, Smothers' claims relating to his PREA complaint and inability to report an alleged attack fail to state a claim upon which relief may be granted and should be dismissed without prejudice.

***Legal Supplies/Mail Claims.*** Smothers alleges that commissary has refused to bring him stamped envelopes on three occasions "in effect helping the administration block my communication with the courts." Doc. No. 14 at 7. He further alleges that Captain Davis and several other officials have copied his legal

mail "in effect compromising my whole civil suit with the court." *Id.* Smothers also alleges that he has reported the mishandling of his mail to Judge Comstock and has requested that she subpoena certain evidence. *Id.* at 8.

First, the Court addresses Smothers' unclear allegations regarding Judge Comstock. This case was filed in the Western District of Arkansas on January 13, 2025, assigned case No. 5:25-cv-5008, and assigned to United States Magistrate Judge Comstock. She transferred it to the Eastern District of Arkansas the same day (Doc. No. 3),[4] and it was assigned to United States District Judge Miller and referred to me as the magistrate judge. Judge Comstock has had no involvement since the transfer of the case, and it is not clear what other case Smothers might be referring to. In any case, judges have absolute immunity from suit for actions taken in their judicial role. *See Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability.")

---

[4] In the transfer order, Judge Comstock explained:

> The Court finds the interests of justice would be best served by transferring this case to the United States District Court for the Eastern District of Arkansas. All actions that are subject to the complaint occurred in Lee County. Lee County is within the Delta Division of the Eastern District of Arkansas. The Defendants reside in or do business in Lee County. Venue would be proper under 28 U.S.C. § 1406(a).

Case No. 5:25-cv-5008, Doc. No. 3.

(citing *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429 (1993)).[5]  And to the extent Smothers believes I have mishandled this case, he may raise those arguments in his objections to this recommendation.

Second, Smothers' allegations regarding legal supplies and the opening of his mail fail to describe a viable First Amendment access-to-courts claim.  In *Bounds v. Smith*, the U.S. Supreme Court recognized that prisoners' constitutional right of access to the courts is well-established.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  However, to succeed on a claim for a violation of the right of meaningful access to the courts, a prisoner must establish that he or she suffered an actual injury or prejudice caused by the denial of access to legal materials, counsel, or the courts.  *Lewis v. Casey,* 518 U.S. 343, 349 (1996).  *See also White v. Kautzky,* 494 F.3d 677 (8th Cir. 2007) ("To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.").

Smothers has not asserted the injury requirement necessary to bring a viable

---

[5] *See also Librace v. Moody*, No. 4:21-CV-01198-KGB, 2022 WL 17905561, at *2 (E.D. Ark. Dec. 22, 2022) ("The doctrine of absolute judicial immunity 'protect[s] judges from lawsuits' and extends to both federal judges sued pursuant to *Bivens* and state judges in actions brought pursuant to 42 U.S.C. § 1983.") (and cases cited therein).

First Amendment access-to-courts claim. It is not clear whether Smothers is referring to this lawsuit as the civil suit that has been compromised or some other lawsuit. He does not explain how any lawsuit has been compromised. In this case, he was afforded the opportunity to amend his complaint and has done so. *See* Doc. Nos. 5 & 14. And Smothers has made numerous other filings in this case. *See* Doc. No. 6, 8-12, 15-18. Accordingly, Smothers' access-to-courts claim should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

And to the extent Smothers is claiming that the copying and shredding of his legal mail violated his constitutional rights, he also fails to describe a viable claim. He does not describe the legal mail that has been copied and destroyed. Mail to and from a court or opposing counsel does not fall under the narrow definition of privileged legal mail and, therefore, may be opened outside of the inmate's presence. *See e.g., Burgess v. Dormire*, No. 05-4111--CV-C-SOW, 2006 WL 1382317, at *3 (W.D. Mo. May 17, 2006) ("[L]egal mail from the courts and opposing counsel do not come within the parameters of mail that is protected by the attorney-client privilege. The mere fact that a letter comes from a legal source is insufficient to indicate that it is confidential and requires special treatment.") (internal citations omitted) (citing *Jensen v. Klecker,* 648 F.2d at 1182 and *Harrod v. Halford,* 773 F.2d 234 (8th Cir. 1985)). Additionally, every document filed with a court is a matter

of public record. *See Martin v. Brewer,* 830 F.2d 76, 78 (7th Cir. 1987) (court documents are not privileged legal mail because they are "public documents" available in the court's files).

***Miscellaneous Allegations.*** Finally, Smothers also alleges he has been denied showers and not received medical treatment for his back. Doc. No. 14 at 7. He names no defendants in connection with these allegations, and he provides no dates or other specific facts to support a viable medical treatment or conditions-of-confinement claim. Smothers further alleges that Lieutenant Lane called him a snitch on January 31, 2025, called him "a rapist and a snitch in an attempt" to bring him harm. *Id.* at 8. While this allegation may support an Eighth Amendment failure-to-protect claim, it post-dates Smothers' original complaint and does not relate back to it;[6] it should therefore be brought in a separate lawsuit once Smothers has exhausted his administrative remedies with respect to this claim.[7]

---

[6] Federal Rule of Civil Procedure 15(d) allows supplemental pleadings that set "out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

[7] The Eighth Circuit Court of Appeals has held that exhaustion must occur before a lawsuit is filed. *See generally Johnson v. Jones,* 340 F.3d 624, 628 (8th Cir. 2003). *See also Tyler v. Kelley*, No. 5:17CV00239-JLH-JTK, 2018 WL 1528784, at *3 (E.D. Ark. Mar. 2, 2018); *Dunahue v. Bolden*, No. 5:16CV00105 BSM/JTR, 2016 WL 7650673, at *2 (E.D. Ark. Dec. 19, 2016).

## III.  Conclusion

For the reasons stated herein, it is recommended that:

1. Smothers' complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted;

2. All pending motions be denied as moot;

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g); and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 25th day of March, 2025.

_____
UNITED STATES MAGISTRATE JUDGE